DAVID B. BARLOW, Acting United States Attorney (No. 13117)
ROBERT A. LUND, Assistant United States Attorney (No. 9579)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

NOV 16 2012

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | Case No. 2:11 CR 556 DN |
|---|---|---|
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| MICHAEL LAWRENCE O'DONNELL, | : | |
| Defendant. | : | Judge David Nuffer |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.  As part of this agreement with the United States, I intend to plead guilty to Count 13 of the Indictment, Unlicensed Wholesale Distribution of Prescription Drugs. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charge and what the government is required to prove in order to convict me.

> The elements of Count 13, Unlicensed Wholesale Distribution of Prescription Drugs, are:
>
> First, the defendant knowingly engaged in the wholesale distribution of prescription drugs from the state of Utah;
>
> Second, the defendant did not hold a license from the state of Utah engage in whole sale distribution of prescription drugs.

2.  I know that the maximum possible penalty provided by law for Count 13 of the Indictment, a violation of 21 U.S.C. §§ 331(t) and 21 U.S.C. §§ 353(e)(2)(A), Unlicensed Wholesale Distribution of Prescription Drugs, is a term of imprisonment of ten (10) years, a fine of up to $250,000.00, and a term of supervised release of up to three

(3) years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

Additionally, I know the Court is required to impose an assessment in the amount of $100.00 for the each offense of conviction pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

If I am not a U.S. citizen, I understand that my guilty plea may carry a risk of adverse immigration consequences and have fully discussed those consequences with my lawyer.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. **However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not agree to the Rule 11(c)(1)(C) agreement.**

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty", I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

  (a) I have a right to the assistance of counsel at every stage of the proceeding.

  (b) I have a right to see and observe the witnesses who testify against me.

  (c) My attorney can cross-examine all witnesses who testify against me.

  (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

  (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    (f)    If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    (g)    The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

    (h)    It requires a unanimous verdict of a jury to convict me.

    (i)    If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.    If I plead guilty, I will not have a trial of any kind.

8.    I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9.    I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10.    I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.    I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

Between October 2005 and March 2007, using companies that I owned and operated, I knowingly engaged in the whole distribution of prescription pharmaceutical drugs, including Botox, Zometa, Gemzar, and Aranesp. I obtained these drugs in Europe and subsequently distributed them from the state of Utah to healthcare professionals around the United States. At the time that conducted this business, I did not possess a license from the state of Utah to engage in the wholesale distribution of prescription drugs. I agree that my conduct violated 21 U.S.C. § 331(t) and 21 U.S.C. §§ 353(e)(2)(A).

12.    The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

A.    The defendant agrees as follows:

(1) I will plead guilty to Count 13 of the Indictment;

(2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I

knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255;

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver; and

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

B. The United States and the Defendant jointly agree:

(1) That pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the Court will be a prison term of 12 months and 1 day. Both parties stipulate and agree that 12 months and 1 day is a reasonable sentence.

(2) That this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

(3) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed

upon sentence of will be imposed, defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be than 12 months and 1 day, the United States will have the right to move to vacate this agreement, and the terms of this agreement, including the plea, will become null and void.

(4)  That all other sentence provisions (e.g. supervised release, restitution, assessments, etc.) will be imposed in accordance with applicable law.

(5)  That the United States will move to dismiss counts 1-12 and 14-25 Indictment at the time of sentencing.

*     *     *     *

I make the following representations to the Court:

1. I am 63 years of age. My education consists of ___MBA___. I can read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter my plea was made, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this Statement in Advance. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 16th day of NOV, 2012.

_____
MICHAEL LAWRENCE O'DONNELL
Defendant

## Attorney Certification

I certify that I have discussed this Statement in Advance with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 16 day of NOV, 2012.

_____
RONALD S. FUJINO
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 16 day of NOV., 2012.

DAVID B. BARLOW
Acting United States Attorney

_____
ROBERT A. LUND
Assistant United States Attorney

-6-